Howard F. CURTIS

v.

RADIATION DYNAMICS, INC.

v.

COLUMBIA RESEARCH CORPORATION.

Civ. No. K–80–2661.

United States District Court,
D. Maryland.

June 2, 1981.

---

Research Corporation, he was exposed to a massive dose of radiation, the source of which was a 3 MeV Dynamitron Accelerator, defectively designed by defendant. Defendant, a New York corporation with its principal place of business in New York, impleaded as a third-party defendant plaintiff's employer, Columbia Research Corporation, a District of Columbia corporation with its principal place of business in Maryland. Defendant asserts that any injury plaintiff may have suffered was caused by Columbia Research's negligence, and that if plaintiff should recover against defendant, defendant should in turn recover against Columbia Research. Moreover, defendant moves to dismiss plaintiff's complaint because plaintiff and third-party defendant are both citizens of Maryland and therefore diversity jurisdiction is destroyed.

Defendant's jurisdictional contention is without merit. A defendant may implead a third-party defendant who is of the same citizenship as the plaintiff without destroying diversity if ancillary jurisdiction over the third-party claim is present. That proposition of law has long been stated and settled. *See, e. g., Semler v. Psychiatric Institute of Washington, D. C.,* 538 F.2d 121, 127 (4th Cir.), *cert. denied,* 429 U.S. 827, 97 S.Ct. 83, 50 L.Ed.2d 90 (1976);[1] *Pierce v. Globemaster Baltimore, Inc.,* 49 F.R.D. 63, 65 (D.Md.1979); *LaChance v. Service Trucking Co.,* 208 F.Supp. 656 (D.Md.1962). To paraphrase then Chief Judge Thomsen's comment in *LaChance* (at 660), jurisdiction became fixed when the original suit was brought by a citizen of one state against a citizen of another state. The controversy in *LaChance* emanating from the original defendant's claim against the third-party claim was, as is the case herein, ancillary to the original and main action. However, defendant suggests that in *Owen Equipment and Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), the Supreme Court changed the pre-existing rule and that diversity is destroyed if a defendant impleads a third-party defendant who is of the same citizenship as the plaintiff.

Edward H. Gerstenfield and Jones & Gerstenfield, P.A., Bethesda, Md., for plaintiff.

William A. Ehrmantraut, H. Kenneth Armstrong, and Donahue, Ehrmantraut & Montedonico, Chartered, Rockville, Md., for defendant and third-party plaintiff.

Charles P. Goodell, Jr., Baltimore, Md., for third-party defendant.

FRANK A. KAUFMAN, District Judge.

Plaintiff alleges that on October 6, 1978, while he was employed at the Columbia

---

1. The petition for certiorari was filed only by the third-party defendant.

In *Kroger*, after a third-party defendant had been impleaded by the original defendant, plaintiff asserted a claim against third-party defendant. At that time, diversity of jurisdiction between plaintiff and third-party defendant appeared to exist. However, after the original defendant successfully moved against plaintiff for summary judgment and the case went to trial between plaintiff and third-party defendant alone, it was discovered, during the third day of trial, that there was no diversity of jurisdiction between plaintiff and third-party defendant. Third-party defendant thereupon moved to dismiss on the basis of lack of subject matter jurisdiction. That motion was denied by the District Court. That denial was affirmed by the Eighth Circuit. On review, writing for the majority of the Supreme Court, Mr. Justice Stewart held that plaintiff's claim against third-party defendant was not, from the moment the original defendant obtained judgment in its favor against plaintiff, ancillary to the main suit since disposition of the claim by plaintiff against third-party defendant could no longer possibly depend in whole or in part, in the alternative or otherwise, upon the resolution of plaintiff's claim against the original defendant. There was, in sum, after the original defendant obtained judgment against plaintiff, no possible basis for ancillary jurisdiction nor for any independent source of jurisdiction upon which plaintiff's claim against third-party defendant could continue to rest. Accordingly, the Supreme Court reversed.

In the within case, unlike *Kroger*, the third-party claim *is presently* dependent upon the main claim for its disposition, since defendant herein seeks recovery from third-party defendant only if plaintiff recovers a judgment against defendant. Thus, ancillary jurisdiction exists today as to the third-party claim.

There is another major difference between this case and *Kroger*. In *Kroger*, plaintiff claimed against third-party defendant. Herein, plaintiff has not made such a claim and indeed he is seemingly barred from so doing by Maryland law, under Md.Ann.Code art. 101, § 15. Rather, the third-party claim herein is by defendant against third-party defendant. Prior to *Kroger*, Judge Sobeloff, in *Kenrose Mfg. Co., Inc. v. Fred Whitaker Co., Inc.*, 512 F.2d 890 (4th Cir. 1972), a case cited with approval in *Kroger* (437 U.S. at 367 n.1 and at 376, 98 S.Ct. at 2399 n.1 and at 2404), held that an independent jurisdictional basis is required as to a plaintiff's claim against a third-party defendant. Yet, Judge Sobeloff also wrote (at 893):

> Rule 14 of the Federal Rules of Civil Procedure governs third-party practice and it has indeed been held under that rule that, where there is diversity as between plaintiff and defendant, *defendant* may implead a third party of the same citizenship as the plaintiff. In such case, it may be said that ancillary jurisdiction confers power upon the court over the third-party action.

(Emphasis added; footnote omitted). That difference, *i. e.*, the difference when a defendant as opposed to a plaintiff claims against a third-party defendant, was recognized in *Kroger* itself. Thus, Mr. Justice Stewart wrote (at 376, 98 S.Ct. at 2404):

> First, the nonfederal claim in this case was simply not ancillary to the federal one in the same sense that, for example, the impleader by a defendant of a third-party defendant always is. A third-party complaint depends at least in part upon the resolution of the primary lawsuit. * * Its relation to the original complaint is thus not mere factual similarity but logical dependence. Cf. *Moore v. New York Cotton Exchange*, 270 U.S. 593 * * * [1926]. The [plaintiff's] claim against the [third-party defendant], however, was entirely separate from [plaintiff's] original claim against [the original defendant], since the [third party's] liability to [the original defendant] depended not at all upon whether or not [the original defendant] was also liable. Far from being an ancillary and dependent claim, it was a new and independent one.

> Second, the nonfederal claim here was asserted by the plaintiff, who voluntarily

chose to bring suit upon a state-law claim in a federal court. By contrast, ancillary jurisdiction typically involves claims by a defending party haled into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in a federal court. A plaintiff cannot complain if ancillary jurisdiction does not encompass all of his possible claims in a case such as this one, since it is he who has chosen the federal rather than the state forum and must thus accept its limitations. "[T]he efficiency plaintiff seeks so avidly is available without question in the state courts." *Kenrose Mfg. Co. v. Fred Whitaker Co.*, 512 F.2d 890, 894 (C.A. 4). [Footnotes omitted.]

It is also to be noted that Mr. Justice White, joined in dissent by Mr. Justice Brennan, commented (at 380–81, 98 S.Ct. at 2406):

The complete-diversity requirement, of course, could be viewed as meaning that in a diversity case, a federal district court may adjudicate only those claims that are between parties of different States. Thus, in order for a defendant to implead a third-party defendant, there would have to be diversity of citizenship; the same would also be true for cross-claims between defendants and for a third-party defendant's claim against a plaintiff. Even the majority, however, refuses to read the complete-diversity requirement so broadly; it recognizes with seeming approval the exercise of ancillary jurisdiction over nonfederal claims in situations involving impleader, cross-claims, and counterclaims. * * *

In *Field v. Volkswagenwerk AG*, 626 F.2d 293, 298–99 (3d Cir. 1980), relying upon 6 Wright & Miller, § 1444 at 223, Judge Adams rejected the approach urged by third-party defendant herein and wrote:

There, [in *Kroger*] the Court ruled that, in an action based on diversity of citizenship any claim asserted by the original plaintiff against a third-party defendant must present an independent jurisdiction-

al ground. But that situation is distinguishable from that which would exist here should VWAG [defendant in the *Field* case] implead Ivana [one of plaintiffs] on an allegation that she is or may be liable to VWAG. As Professors Wright & Miller point out, the "cases on point almost all hold that defendant's claim against a third-party defendant is within the ancillary jurisdiction of the federal courts. Thus, it is well-settled that there need be no independent jurisdictional basis for such a claim if diversity of citizenship exists between the original parties." Assuming then that diversity jurisdiction obtains here over one of the original claims, a third-party claim against Ivana Field should be regarded as ancillary to it. [Footnote omitted.]

*See generally Federal Deposit Ins. Corp. v. Otero*, 598 F.2d 627, 631–32 (1st Cir. 1979); *West v. United States*, 592 F.2d 487, 491–92 (8th Cir. 1979). Nothing in those cases, or in any other case known to this Court, teaches that the doctrine of *Kroger* or any other doctrine requires an independent, or more than an ancillary, jurisdictional base to support a claim by the original defendant against a third-party defendant who is a citizen of the same jurisdiction as the original plaintiff when diversity jurisdiction exists between plaintiff and the original defendant and the claim of plaintiff against the original defendant continues to be asserted and alive.[2]

For the reasons set forth *supra*, defendant's motion to dismiss will be denied.

---

2. This Court need not herein reach the question of whether such jurisdiction continues to exist if judgment had been entered finally as to the claim of plaintiff against the original defendant.