Mary E. **PAXTON**, Guardian and Next Friend of Erik M. Paxton

v.

The **SOUTHERN PENNSYLVANIA BANK**

v.

**GEORGE BROWN & SONS GLASS WORKS.**

Civ. No. K–80–1371.

United States District Court, D. Maryland.

Feb. 3, 1982.

*E.g., Beaver Associates v. Cannon,* 59 F.R.D. 508 (S.D.N.Y.1973).

Theodore M. Hart, Bel Air, Md., for plaintiffs.

Jon H. Grube and John J. Boyd, Jr., Baltimore, Md., for defendant and third-party plaintiff.

James E. Gray and Andrew Lapayowker, Baltimore, Md., for third-party defendant.

FRANK A. KAUFMAN, Chief Judge.

Plaintiffs herein, Mary E. Paxton ("Mary") and her minor child, Erik M. Paxton ("Erik"), bring this negligence action against defendant Southern Pennsylvania Bank ("Bank") alleging that Erik was injured on or about August 3, 1978, when the front door of the Bank's branch office located in Delta, Pennsylvania closed upon and amputated a portion of one of his fingers. The Bank has impleaded as third-party defendant, George Brown & Sons Glass Works ("Glass Works"), a corporation organized under the laws of Pennsylvania with its principal place of business in York, Pennsylvania. The Bank asserts that Glass Works installed the door which allegedly caused Erik's injury, and that if plaintiffs should recover against the Bank for negligence, then the Bank should in turn recover against Glass Works.

Glass Works originally was served with process pursuant to Federal Rule 4(d)(7) and Maryland Rule 107[1] and moved to dismiss the third-party complaint on the ground that this Court does not have *in personam* jurisdiction over it pursuant to the Maryland long-arm statute, Md.Cts. & Jud.Proc.Code Ann. § 6–103. Thereafter, the Bank caused service of process to be reissued, this time pursuant to Federal Rule 4(f). That rule, in pertinent part, provides that:

> ... [P]ersons who are brought in as parties pursuant to Rule 14 ... may be served in the manner stated in paragraphs (1)–(6) of subdivision (d) of this rule at all places outside the state but within the United States that are not more than 100 miles from the place in which the action is commenced....

Following such reissuance of process by the Bank, Glass Works renewed its motion to dismiss, restating its earlier contention that *in personam* jurisdiction pursuant to Maryland's long-arm statute does not exist,[2]

---

1. Federal Rule 4(d)(7) permits service to be made in a manner prescribed by state law. Maryland Rule 107(a)(2) governs service of process outside the state and permits service to be made by registered mail, the procedure utilized by the Bank.

2. The Maryland long-arm statute provides, in pertinent part:

   § 6–103. Cause of action arising from conduct in State or tortious injury outside State.

   (a) Condition.—If jurisdiction over a person is based solely upon this section, he may be sued only on a cause of action arising from any act enumerated in this section.

   (b) In general.—A court may exercise personal jurisdiction over a person, who directly or by an agent:

   \* \* \* \* \* \*

   (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, foods, services, or manufactured products used or consumed in the State ....

   Glass Works contends, citing *Egeria, Societa de Navigazione Per Azioni v. Orinoco Mining Co.*, 360 F.Supp. 997 (D.Md.1973), that the condition stated in subsection (a) of the statute applies even when subsection (b)(4) is involved. Since all of the acts giving rise to the cause of action asserted herein are unconnected with any business or persistent course of conduct associated with Maryland, or any revenue derived from Maryland, Glass Works asserts that *in personam* jurisdiction over it does not exist.

   However, this Court subsequently has held that if jurisdiction is founded on subsection (b)(4), subsection (a) need not be satisfied. *Greenwood v. The Tides*, 504 F.Supp. 992, 996 and notes 10 and 11 (D.Md.1980). Thus, contrary to Glass Work's contention, if, in fact, Glass Works does business in Maryland, engages in any other persistent course of conduct

and further contending that Rule 4(f) provides no basis for the exercise of personal jurisdiction over it because Rule 82 states that the Federal Rules of Civil Procedure shall not be construed to expand "the jurisdiction of the United States district courts or the venue of actions therein."

The reference to "jurisdiction" in Rule 82 refers only to jurisdiction over the subject matter, not to jurisdiction over the person. *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 445, 66 S.Ct. 242, 246, 90 L.Ed. 185 (1945) (Stone, C. J.); 12 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 3141, p. 212 (1973). Subject matter jurisdiction over the third-party claim herein is in no way affected by Rule 4(f). Rather, ancillary subject matter jurisdiction over a third-party claim, regardless of whether there is independent subject matter jurisdiction over such claim, exists if the Court has subject matter jurisdiction to hear the main claim out of which the third-party claim arises. *Curtis v. Radiation Dynamics, Inc.*, 515 F.Supp. 1176, 1177 and cases cited therein (D.Md.1981); 6 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1444, pp. 123–5 (1971). Herein, diversity jurisdiction with respect to the main claim is present because plaintiffs are Maryland residents, the Bank is a Pennsylvania corporation with its principal place of business in that state, and the amount in controversy is alleged to exceed $10,000. Thus, ancillary jurisdiction over the subject matter of the third-party claim against Glass Works exists.

Rule 4(f) permits service upon third-party defendants within the 100-mile bulge area provided for in that rule. Such service is not, constitutionally or otherwise, defective even if, as seemingly is not the case herein, service of process under state rules would be unavailable.[3] *Pierce v. Globemaster Baltimore, Inc.*, 49 F.R.D. 63 (D.Md.1969); *McGonigle v. Penn-Central Transp. Co.*, 49 F.R.D. 58 (D.Md.1969).

The fundamental federal policy underlying the 100–mile bulge provision of Rule 4(f) is that the benefits that may be obtained from the disposition by a federal court of an entire controversy far outweigh the burden of requiring an appearance in a federal court located in a state other than his own, by an impleaded party properly served within the modest bulge area around the forum. The fact that the state, in which a federal district court sits, does not adopt that policy, insofar as its own state courts are concerned, cannot be permitted to affect the duty of a federal court, which is part of "an independent system for administering justice," to effectuate the federal policy enunciated in a rule whose constitutionality is established. Indeed, were the application of the 100–mile bulge provision of Rule 4(f) to turn on standards set by the forum state, that provision would be a dead letter in any state which chose not to have any long-arm statute—a result which would clearly thwart federal policy. In order fully to effectuate federal policy, the 100-mile bulge provision of Rule 4(f) must be applied independently of the service provisions of the forum state.

*McGonigle v. Penn-Central Transp. Co.*, supra at 62 (footnotes omitted). It is true that in a given case, application of Rule 4(f) service may run afoul of due process concerns, *see International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny. However, in the within case, Glass Works would appear to have sufficient contacts in the bulge area to make those concerns inapplicable herein.[4]

in Maryland, or derives substantial revenue from services performed in Maryland, long-arm jurisdiction would exist despite the fact that the acts which may give rise to the (b)(4) findings are unconnected with the cause of action asserted herein. However, because personal jurisdiction is present herein regardless of the applicability of Maryland's long-arm statute, personal jurisdiction as to Glass Works does not depend upon the Bank's establishing those facts.

3. See the discussion in note 2, *supra*, as to the Maryland long-arm statute.

4. Since ... Rule 4(f) has, in effect, created a new territorial unit independent of state lines, the appropriate inquiry would appear

Accordingly, the renewed motion to dismiss of Glass Works will be denied. An Order to that effect will today be entered by this Court.

to be what contacts the person served has had with that territorial unit. McGonigle, supra, at 63. See also Pillsbury Co. v. Delta Boat & Barge Rental, Inc., 72 F.R.D. 630, 632 (E.D.La.1976). As Glass Works' principal place of business is in York, Pennsylvania, which is within the 100–mile bulge, the minimum contacts analysis of International Shoe, supra, and its progeny would appear to be satisfied.