John S. LEICK, Plaintiff,

v.

SCHNELLPRESSENFABRIK AG HEIDELBERG, a Foreign Corporation, Defendant.

SCHNELLPRESSENFABRIK AG HEIDELBERG, Defendant and Third-party Plaintiff,

v.

IOWA WESTERN COMMUNITY COLLEGE, Third-party Defendant.

Civ. No. 87–115–W–S.

United States District Court, S.D. Iowa, W.D.

Oct. 6, 1989.

Michael A. Nelson, Dixon & Dixon, P.C., Omaha, Neb., for plaintiff.

Edward F. Noethe, Sodoro, Daly & Sodoro, Omaha, Neb., Robert Laubenthal, Smith, Peterson, Beckman & Willson, Council Bluffs, Iowa, for defendant.

## RULING AND ORDER

STUART, District Judge.

On April 15, 1987, the plaintiff, a student at Iowa Western Community College (the College) had his hand and part of his forearm amputated while he was cleaning the College's printing press manufactured by the defendant, Schnellpressenfabrik Ag Heidelberg (the Manufacturer). On July 16, 1987, the plaintiff filed a state court action against the College, alleging the injury resulted from the College's negligence. On November 5, 1987, the plaintiff, an Iowa resident, filed a complaint in this Court against the Manufacturer, a foreign corporation, alleging causes of action in strict liability, breach of implied warranty, failure to warn and negligence.

On May 12, 1989, the Manufacturer filed a third-party complaint against the College seeking indemnity on the grounds of (1) active as opposed to passive negligence, (2) superceding cause, and (3) equitable principles. The Manufacturer, in the alternative, sought contribution from the College alleging it was negligent in failing to supervise, warn or instruct the plaintiff in the cleaning of the printing press. The plaintiff has not filed a direct action against the College in this Court.

The Court has before it third-party defendant's resisted motion to dismiss the third-party complaint for lack of diversity jurisdiction and because Iowa law does not recognize claims for indemnity based on the doctrine of active-passive negligence. The Court heard arguments on the motion and requested that the parties submit briefs on the issue of whether the College is an indispensable party, and if so whether that deprives this court of jurisdiction. The briefs have been received and the matter is now ready for ruling. As the Court holds that it lacks subject matter jurisdiction of the entire lawsuit, the indemnity question will not be addressed.

Third-party defendant contends that because plaintiff and third-party defendant are both citizens of Iowa, diversity jurisdiction no longer exists and either the third-party complaint or the case must be dismissed for lack of subject matter jurisdiction. A defendant may implead a third-party defendant who is of the same citizenship as of plaintiff without destroying diversity if ancillary jurisdiction over the third-party claim is present. *Curtis v. Radiation Dynamics, Inc.,* 515 F.Supp. 1176, 1177 (D.Md.1981); *Semler v. Psychiatric Inst. of Wash. D.C.,* 538 F.2d 121, 127 (4th Cir.), *cert. denied,* 429 U.S. 827, 97 S.Ct. 83, 50 L.Ed.2d 90 (1976), and *West v. United States,* 592 F.2d 487, 492 (8th Cir.1979). See Rule 14, F.R.Civ.P.

The third-party claim in this case is dependent upon the main claim for its disposition since defendant seeks recovery from third-party defendant only if plaintiff recovers a judgment against defendant. This Court has ancillary jurisdiction as to the third-party claim. *See Radiation Dynamics, Inc.,* 515 F.Supp. at 1178.

## INDISPENSABLE PARTY

The fact that the College is not of diverse citizenship from the plaintiff does not in itself deprive this court of jurisdiction. If the College is an indispensable party to this lawsuit, however, its citizenship must be considered in determining diversity. F.R.C.P. 19(a) and 19(b) provide

the guidelines for determining whether a person is indispensable.

Rule 19(a) states:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

Rule 19(b) states:

If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

The general rule is that a person potentially liable as a joint tortfeasor is not a necessary or indispensable party, but merely a permissive party subject to joinder under F.R.C.P. 20. *See, e.g., Pujol v. Shearson American Exp., Inc.*, 877 F.2d 132, 137 (1st Cir.1989). This Court finds, however, that, that general rule does not apply to this case since the Iowa Comparative Fault Act governs the determination of liability.[1] Under the Iowa Comparative Fault Act, the jury may only assess percentages of fault to parties in the action: claimants, persons named as defendants, a person who has been released pursuant to section 668.7, and third-party defendants. I.C. § 668.3(2)(b) and I.C. § 668.2.

If the College is not brought in as a party, the jury can only determine the relative fault of the plaintiff as compared to the Manufacturer. Since the jury's assessment of fault is restricted to two people, the Manufacturer may be assessed fault for which it was not responsible. Additionally, if in a later action for contribution by the Manufacturer against the College it is determined that the Manufacturer was 40% at fault and the College or some other person 60% at fault, the Manufacturer's ability to recoup 60% of the damages paid to plaintiff is restricted by the solvency of the later-named defendant. Therefore, although the Iowa Comparative Fault Act only provides for joint and several liability for defendants found 50% or more at fault, the absence of the College from the first suit would make the Manufacturer, only 40% at fault, jointly and severally liable.

If the College were left in as a third-party defendant, the potential prejudice to the manufacturer could be greatly reduced. However, even then complete relief could not be accorded to all parties in that suit because the plaintiff could not recover from the College the percentage of his damages caused by fault of the College. Plaintiff is in no position to complain because he chose the federal forum and must

---

1. The Court is aware that the Iowa Supreme Court has held that joint tortfeasors are not indispensable parties under the Iowa Comparative Fault Act. *Selchert v. State*, 420 N.W.2d 816 (Iowa 1988). The Iowa rules and federal rules for determining whether a person is indispensable differ and this Court is not bound by that decision.

accept its limitations. *Owens Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 376, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978). If the manufacturer was found 50% or more at fault it would have to make a motion for contribution. If the Manufacturer were found less than 50% at fault, the plaintiff would have to proceed in state court to collect from the college. See generally I.C. §§ 668.4, 668.5, and 668.6. For the reasons stated above, it is clear that complete relief cannot be accorded among those already parties. Therefore the College is an indispensable party.

■ Pursuant to Fed.R.Civ.P. 19(b), an indispensable party should not be made a part of the action unless the court "in equity and in good conscience" determines that the action cannot proceed without the additional party before it. Fed.R.Civ.P. 19(b). In making this determination, the court considers four factors. *Id.* The first element is whether the indispensable party's absence might be prejudicial to the person not joined or to those already parties. *Id.* Second, the court must consider whether it can shape its judgment to lessen any prejudice arising from the nonjoinder. Third, the court must determine whether the judgment rendered in the person's absence will be adequate. Lastly, the court must determine whether the plaintiff has an adequate remedy if the action is dismissed.

As explained above, the absence of the College would be prejudicial to the Manufacturer because it could be allocated fault for which it was not responsible. Although the Court could lessen this prejudice by allowing the College to remain in this suit as a third-party defendant, the College's absence as a defendant would require the Manufacturer to defend the same cause of action in two forums, once in federal court as a defendant and once in state court as a third-party defendant. Additionally, complete relief could not be accorded all parties in that suit, because the plaintiff could not recover directly from the College in federal court. Lastly, plaintiff has an adequate remedy if the action is dismissed. He can proceed with his state suit against the Col-

lege and add the Manufacturer as a defendant, and the liabilities of all the parties could be resolved in one suit. After considering these factors, the Court concludes this action cannot proceed without the College and therefore must be dismissed.

## REALIGNMENT OF PARTIES

Even if the College was not considered as indispensable, the Court would be concerned about subject matter jurisdiction if the parties were realigned according to their respective interests in the case. "The courts, not the parties, are responsible for aligning the parties according to their interests in the litigation." *Dolch v. United California Bank,* 702 F.2d 178, 181 (9th Cir.1983) citing *Indianapolis v. Chase National Bank,* 314 U.S. 63, 69, 62 S.Ct. 15, 16, 86 L.Ed. 47 (1941); *Universal Underwriters Ins. Co. v. Wagner,* 367 F.2d 866 (8th Cir.1966).

In its present posture, all of the parties whose conduct may have contributed to the personal injuries the plaintiff received are before the court as plaintiff, defendant and third-party defendant. All issues relating to liability and damages can be resolved. The only relief that could not be granted would be a judgment in favor of the plaintiff against the College for whatever liability might have been established. The plaintiff would be required to proceed in state court claiming res judicata.

*Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), which involved a direct action by a plaintiff against a defendant brought into the case as a third-party defendant, implicitly approved of federal court subject matter jurisdiction when a party that is a resident of the same state as the plaintiff is impleaded by the defendant. However, that specific issue was not before the court and such position on subject matter jurisdiction would seem to run counter to the court's criticism of the reasoning of the Eighth Circuit Court of Appeals:

The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded or evaded. Yet under the reasoning

of the Court of Appeals in this case a plaintiff could defeat the statutory requirement of complete diversity by the simple expedient of suing only those defendants who were of diverse citizenship and waiting for them to implead nondiverse defendants ... there is nothing necessarily collusive about a plaintiff's selectively suing only those tortfeasors of diverse citizenship, or about the named defendants' desire to implead joint tortfeasors. Nonetheless, the requirement of complete diversity would be eviscerated by such a course of events. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 n. 17, 98 S.Ct. 2396, 2403 n. 17, 57 L.Ed.2d 274 (1978).

Formal pleadings aside, this is a simple case as far as the interests of the parties are concerned. Plaintiff is claiming in his federal and state lawsuits that his injuries were caused by the conduct of the Manufacturer or the College or both. The defendants blame each other and the plaintiff. Aligned according to their respective interest, the plaintiff should be suing both the Manufacturer and the College. Aligned in that manner, there would be a lack of complete diversity and this Court would not have subject matter jurisdiction.

■ Of course, a plaintiff is not required to sue resident joint tortfeasors that are not indispensable parties, but once a joint tortfeasor has been made a third-party defendant, the Court is of the opinion that the parties should be aligned according to their interests to determine if there is subject matter jurisdiction.

The Court has found no authority directly discussing whether the alignment of parties can include third-party defendants not sued by plaintiff. However, the courts have done so without comment. In *Mancari v. AC and S Co., Inc.*, 683 F.Supp. 91, (D.Del.1988), the Court realigned original resident defendants who settled with plaintiff as third-party defendants to settle cross claims and retained jurisdiction over the remaining diverse defendant. See also *Rowe v. Johns–Manville Corp.*, 658 F.Supp. 122, 124 n. 2 (E.D.Pa.1987); *Inventive Music Ltd. v. Cohen*, 564 F.Supp. 914, 919 (D.N.J.1982); and *Casualty Indemnity Exchange v. High Croft Enterprises*, 714 F.Supp. 1190, 1191 n. 1 (S.D.Fla.1989).

In summary, the Court holds that the College is an indispensable party to this lawsuit and that in equity and good conscience the action between plaintiff and the Manufacturer should not proceed without the College and the case must be dismissed. The Court further holds that even if the case could proceed with the College as a third-party defendant, the alignment of the parties according to their interest in this lawsuit for the purpose of diversity jurisdiction discloses that there is a lack of complete diversity.

IT IS THEREFORE ORDERED that the case is dismissed for lack of subject matter jurisdiction.