Linda **TIMBROOK**, Plaintiff,

v.

**METZELER AUTOMOTIVE PROFILE SYSTEMS IOWA, INC.,** Defendant.

No. 3:01–CV–10122.

United States District Court,
S.D. Iowa,
Davenport Division.

July 25, 2002.

Roger J. Kuhle, Kuhle Law Office PC, West Des Moines, IA, Brenda G. Hamilton, Shank & Hamilton, Kansas City, MO, Ronald J. Barczak, Yeager Jungbauer Barczak & Roe, Minneapolis, MN, for plaintiff.

Martha L. Shaff, Betty Neuman & McMahon, Davenport, IA, Brenda G. Hamilton, David A. Linehan, Shank & Hamilton, Kansas City, MO, for defendant.

## RULING ON DEFENDANT'S MOTION TO JOIN A NECESSARY PARTY UNDER RULE 19(a)

WALTERS, Chief United States Magistrate Judge.

The above resisted motion is before the Court (# 18). The Court has carefully considered the motion papers and now rules as follows.

Plaintiff's decedent, Kenneth C. Timbrook, a railroad switchman employed by Burlington Northern and Santa Fe Railway Company (the railroad), was killed in the course of his duties while working on defendant Metzeler's property in Keokuk, Iowa. The incident resulted from what plaintiff claims to have been the railroad's "principal negligence".

On July 6, 2001, plaintiff sued the railroad in a St. Louis, Missouri, state court. That action is under the FELA, 45 U.S.C. § 51, et seq. Plaintiff believes Metzeler's negligence in allowing an alleged dangerous or hazardous condition on the property was also a cause of Mr. Timbrook's death. According to plaintiff Metzeler could not be sued in Missouri, hence the action in this court.

Relying principally on *Leick v. Schnellpressenfabrik AG Heidelberg,* 128 F.R.D. 106 (S.D.Iowa 1989), Metzeler contends that the railroad, which could be sued in this Court, is a necessary party under Fed.R.Civ.P. 19(a) as a result of the operation of Iowa's comparative fault statute, Iowa Code ch. 668. Metzeler asks the court to order the railroad be joined as a defendant in this action, or, alternatively, that Metzeler be granted leave to file a third-party complaint against the railroad for indemnity and/or contribution. Plaintiff does not resist leave to file a third-party complaint, but does resist being compelled to pursue her FELA action against the railroad in this Court.

Rule 19(a) provides in relevant part:

**Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

There are therefore three bases on which to view a party as necessary: (1) complete relief cannot be accorded among those already parties; (2) prejudice to the absent person's interests; or (3) prejudice to an existing party from the absent person's claimed interest.

To put Metzeler's request in proper perspective, the question is not whether the railroad should be joined as a party because Metzeler can do that permissively on its own. It clearly ought to be allowed to file a permissive third-party complaint for contribution or indemnity against a tortfeasor also alleged to have been at fault. Fed.R.Civ.P. 14(a). Rather, the question is whether the Court should compel joinder of the railroad as a defendant and thereby require plaintiff to litigate her FELA claim in this Court.

■ Metzeler and the railroad are potential joint tortfeasors. "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single suit." *Temple v. Synthes Corp.,* 498

U.S. 5, 7, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990). As the *Temple* Court noted, the Advisory Committee Notes to Rule 19(a) confirm that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." *Id.*

■ The Iowa comparative fault statute limits the usual joint-and-several liability of joint tortfeasors under certain conditions. The rule of joint-and-several liability "shall not apply to defendants who are found to bear less than fifty percent of the total fault assigned to all parties" and a defendant found fifty percent or more at fault is only jointly and severally liable for "economic damages," not "noneconomic damage awards." Iowa Code § 668.4. However, in a two party, single plaintiff/single defendant case the defendant is liable for the entirety of the plaintiff's damages proximately caused by its fault because the fault of absent persons who are not parties as defined in the statute is not compared. The joint-and-several liability limitation has no applicability to such a lawsuit, even though the fault of an absent tortfeasor may have contributed to the injury. *See* Iowa Code § 668.2. If the plaintiff elects not to sue a potential joint tortfeasor, the defendant may enforce a right of contribution by bringing a third-party claim or by subsequent action. Iowa Code § 668.6(1), (2).

The *Leick* case does provide some support for Metzeler's argument, but it was driven by jurisdictional concerns not present here. In *Leick* a college student was injured while cleaning the college's printing press. The student filed a state court action against the college and a complaint in this court against the manufacturer. The manufacturer filed a third-party complaint against the college seeking, among other things, contribution. The student and the third-party defendant college were both Iowa citizens. Under ancillary jurisdiction principles, the court held it had jurisdiction over the third-party claim. 128 F.R.D. at 107. However, if the college was an indispensable party, its citizenship would have to be considered and would have deprived the court of diversity jurisdiction. *Id.* at 107, 110. Even if the college was not an indispensable party, the *Leick* court was concerned that if the college remained as a third-party defendant it would be viewed for jurisdictional purposes as aligned with the manufacturer in which case subject matter jurisdiction might still be absent under the rule in *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). 128 F.R.D. at 110.

The *Leick* court's concerns with subject matter jurisdiction if the college remained a third-party defendant are no longer germane in view of the supplemental jurisdiction statute, 28 U.S.C. § 1367 passed as a part of the Judicial Improvements Act of 1990. The statute gives the Court supplemental jurisdiction over all claims so related to the claims over which the Court has original jurisdiction that they form part of the same "case or controversy" under Article III of the Constitution. 28 U.S.C. § 1367(a). There is an exception where the original jurisdiction is based solely on diversity of citizenship. In that case "the district courts shall not have supplemental jurisdiction ... over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure ... when exercising supplemental jurisdiction over such claims would be inconsistent" with the requirements of diversity jurisdiction. *Id.* § 1367(b).

A third-party defendant is joined to an action by Rule 14(a). Obviously, an action over against an alleged joint tortfeasor is part of the same case or controversy. Only claims by original plaintiffs or those seeking to intervene on the side of an original plaintiff are within the § 1367(b) exception to supplemental jurisdiction. *See Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 726–27 (2d Cir.), *cert. denied*, 531 U.S. 1051, 121 S.Ct. 655, 148 L.Ed.2d 558 (2000) (citing H.R.Rep. No. 101–734, at 29 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6860, 6865); David D. Siegel, Practice Commentary—The 1990 Adoption of § 1367, Codifying "Supplemental" Jurisdiction, 28 U.S.C.A. § 1367 at 829 (1993) ("[§ 1367(b)] is concerned only with efforts of a plaintiff to smuggle in claims that the plaintiff would not otherwise be able to interpose against certain parties in certain specific contexts for want of subject matter juris-

diction"). Had the supplemental jurisdiction statute been in effect at the time *Leick* was decided it would have been clear that the case could have proceeded with the college as a party. Only a claim by the plaintiff student against the college would have been within the § 1367(b) exception to supplemental jurisdiction.

Putting aside the jurisdictional foundation for the *Leick* court's holding, this Court cannot concur entirely with the analysis in that case. In concluding the Iowa comparative fault statute made the third-party defendant college an indispensable party the court reasoned that if the college was not brought in as a party, the jury could only determine the relative fault between the student and the manufacturer. The court was concerned the manufacturer might be assessed fault for which it was not responsible. 128 F.R.D. at 110. However, as a third-party defendant the college was a "party" as defined in Iowa Code § 668.2(4) and therefore its fault would have been compared and the manufacturer would not have been liable to plaintiff for the college's fault except as provided in § 668.4. Had the student and the manufacturer been the only two parties, Iowa law places the entire responsibility for damages on the single defendant subject to a right to bring a separate action for contribution. The manufacturer would not have been assessed fault for which it was not responsible in law. The Iowa comparative fault statute does not carve out a freestanding principle that a defendant is liable only for its own fault. Fault is compared and the joint-and-several liability rule is limited only as between those made a party as defined in the statute.

The *Leick* court also reasoned that if the college were left in as a third-party defendant complete relief "could not be accorded to all parties" because plaintiff could not recover from the college the percentage of damages caused by the college in the absence of a claim against the college. 128 F.R.D. at 108. In this respect *Leick* is distinguishable from this case because here the prospective third-party defendant railroad is not, in the

language of Rule 19(a), "already" a party. *See LLC Corp. v. Pension Ben. Guar. Corp.*, 703 F.2d 301, 305 (8th Cir.1983) (The focus of Rule 19(a)(1) "is on relief between the [current] parties...").

The "complete relief" clause in Rule 19(a) is usually narrowly construed to require joinder "only when the absentee's nonjoinder precludes the court from rendering complete justice *among those already joined* ... not in some overall sense." 4 Moore's Federal Practice 3d § 19.03[2][b][ii] (emphasis in original). Complete relief can be achieved between the present parties. If Metzeler's fault was a proximate cause of Mr. Timbrook's death plaintiff may recover all the damages resulting therefrom, but if Metzeler was not at fault, or the railroad was solely at fault, Metzeler will have no liability.

It is true that if the railroad is joined only as a third-party defendant plaintiff will not be able to obtain complete relief if Metzeler is less than fifty percent at fault unless she sues the railroad, which she could do. Absent prejudice to its interests, Metzeler has no basis to complain about plaintiff's choice of forum to litigate her FELA claim. Moreover, that plaintiff cannot recover from a tortfeasor against whom she does not make a claim is no different from the usual rule that Rule 19(a) does not make it necessary that all joint tortfeasors be named as defendants. *Temple*, 498 U.S. at 7, 111 S.Ct. 315.

In the present single plaintiff/single defendant context, therefore, the limitation on joint-and-several liability in Iowa Code § 668.4 has not been triggered and, it follows, under the Supreme Court's *Temple* case the railroad is merely a permissive party, not a necessary party. 498 U.S. at 7, 111 S.Ct. 315.[1]

If the railroad is to be brought in on Metzeler's initiative, it should be brought in as a third-party defendant. The railroad's fault will then be subject to comparison and Metzeler's liability will be limited to its own fault if less than fifty percent and if that or more, it will have a right of contribution enforceable in this action as provided in Iowa

---

1. *Leick* was decided before *Temple*, however the *Leick* court recognized "[t]he general rule ... that a person potentially liable as a joint tortfea-

sor is not a necessary or indispensable party, but merely a permissive party...." 128 F.R.D. at 108.

Code § 668.5(6)(1). If the railroad is made a third-party defendant the concerns about the railroad's ability to protect its interests, and the risks of double, multiple or inconsistent obligations affecting Metzeler by reason of those interests are greatly diminished. Fed. R.Civ.P. 19(a)(2)(i), (ii). The railroad would be present to protect its interests and the relative rights between the railroad and Metzeler would be adjudicated in the third-party action.[2]

Metzeler expresses concern that plaintiff's piecemeal litigation strategy may result in inconsistent rulings, double recovery and cross-litigation. At the same time it assumes that if the railroad is joined as a party defendant, the determinations of fault in this court will be binding on the parties. Metzeler's Brief at 18. There is no reason to think a determination of the railroad's comparative fault and liability for contribution if it is brought in as a third-party defendant would be any less binding.

It would be more efficient to resolve all of the issues between plaintiff, Metzeler and the railroad in a single court. Perhaps plaintiff will elect to sue the railroad if it is joined. But the FELA gives plaintiff wide latitude in choosing a forum to bring her FELA action, both geographically and as between state and federal court. *See* 45 U.S.C. § 56. The Court is reluctant to make plaintiff try her FELA case in this court when any prejudice to Metzeler or the railroad from the pendency of the two lawsuits may effectively be avoided by the permissive joinder of the railroad as a third-party defendant.

The Court has reviewed all of the cases cited by Metzeler in support of its argument and does not believe they require joinder of the railroad as a defendant. It is not necessary to discuss them individually. Metzeler has not referred the Court to any case which has held that an absent party who may be joined permissively by the movant as a third-party defendant is also an indispensable party who must be joined as a defendant to the plaintiff's claim over plaintiff's objection. Whether and in what manner an absent party is to be joined is highly fact-specific. Most of the cases to which Metzeler directs the Court's attention involve situations where the absent party could not be joined without upsetting jurisdiction, and often, unlike here, all of the parties could be sued in another court. *See Thurston v. Page,* 168 F.R.D. 655, 657 (D.Kan.1996); *Estrella v. V & G Management Corp.,* 158 F.R.D. 575, 581 (D.N.J.1994); *Dou Yee Enterprises (S) PTE, Ltd. v. Advantek, Inc.,* 149 F.R.D. 185, 189 (D.Minn.1993); *Paglin v. Saztec Intern., Inc.,* 834 F.Supp. 1201, 1203 (W.D.Mo.1993); Fed. R.Civ.P. 19(b).

Defendant's motion is denied to the extent it seeks compulsive joinder of the railroad as a defendant. Metzeler's alternative request for leave to file a third-party complaint against the railroad is granted. Any such third-party complaint shall be filed within twenty (20) days of the date hereof.[3]

IT IS SO ORDERED.

---

2. Metzeler contends that the ability to bring a third-party action against the railroad does not completely alleviate prejudice from the railroad not being joined as a defendant because Metzeler's relief from joint-and-several liability through a contribution claim depends on the railroad's ability to pay. *See Leick,* 128 F.R.D. at 108. That, however, is the case regardless of whether the railroad is a defendant or a third-party defendant. In either case, if fifty percent or more at fault Metzeler would have joint-and-several liability for the entirety of plaintiff's damage and a right of contribution against the railroad. If the railroad could not pay, which is entirely speculative, Metzeler would be liable to the extent provided in the statute.

3. Metzeler also suggests that a declaratory judgment action brought by the railroad against it in this court, the *Burlington Northern and Santa Fe Railway Co. v. Metzeler Automotive Profile Systems Iowa, Inc.,* Case No. 3:01-cv-10166, in which the railroad seeks a declaratory judgment that Metzeler must indemnify it for all damages in the Missouri action under a contract "track agreement" should be consolidated with this action. The Court will not foreclose consolidation of this case with a declaratory judgment action on some basis, however, the railroad ought to be heard on the issue, and the time to take it up is after the railroad has been joined in this case as a third-party defendant.