**Mary J. DEMPSEY, Appellant,**

v.

**D. B. & M. OIL & GAS COMPANY, John T. Diederich, and John T. Diederich, Trustee, Appellees.**

**No. 12205.**

United States Court of Appeals, Sixth Circuit.

Feb. 16, 1955.

See, also, 112 F.Supp. 408.

Clyde L. Miller, Louisa, Ky., Arthur T. Bryson, Ashland, Ky., for appellant.

John T. Diederich, Arloe W. Mayne, and Frank C. Malin, Ashland, Ky., B. J. Pettigrew, Charleston, W. Va., H. R. Wilhoit, Grayson, Ky., for appellee.

Before SIMONS, Chief Judge, and MILLER and STEWART, Circuit Judges.

PER CURIAM.

The appellant, a citizen of Ohio, filed this action in Kentucky District Court against appellees, citizens of Kentucky. The suit was for an accounting of profits arising from operations under certain oil and gas leases carried on over a number of years. Federal jurisdiction was invoked by reason of diversity of citizenship.

The case was referred to a Master, who found that appellant had made various assignments or purported assignments of legal or equitable fractional shares of her interest in the leases in question to several citizens of Kentucky. The Master found that the assignments raised issues of fact and concluded that a final decree could not be entered without either affecting the interests of the assignees, "or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience." See Kentucky Natural Gas Corporation v. Duggins, 6 Cir., 1948, 165 F.2d 1011.

Accordingly, the Master concluded that the assignees were indispensable parties to the action, that upon proper alignment of the plaintiffs and defendants diversity of citizenship would no longer exist, and that the action should therefore be dismissed for lack of fed-eral jurisdiction. The district court adopted the Master's findings and conclusions and dismissed the action without prejudice.

 Upon consideration of the record and the briefs and oral arguments of counsel, we conclude that the Master's findings and conclusions, adopted by the district court, were correct, and that the judgment of dismissal without prejudice should accordingly be affirmed.

It is so ordered.