Richard H. CLINTON, Appellant,

v.

**INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS OF AMERICA, Inc., Appellee.**

No. 15056.

United States Court of Appeals
Ninth Circuit.

March 24, 1958.

Rehearing Denied April 21, 1958.

Richard H. Clinton, Long Beach, Cal., appellant in pro. per.

Allan F. Bullard, San Pedro, Cal., for appellees.

Before FEE, CHAMBERS and BARNES, Circuit Judges.

PER CURIAM.

"Libellant" appeals from a dismissal by the District Court for the Southern District of California, Central Division, for lack of jurisdiction, of the first, second, third, and eighth causes of action alleged in his complaint. The original pleading named as defendants the International Organization of Masters, Mates and Pilots, Inc., a New York corporation; the Joshua Hendy Corp., a California corporation; the Pacific Far East Lines, Inc., a California corporation; and, the California Employment Stabilization Commission.[1] The appellant's pleadings below were marked "In Admiralty" but here jurisdiction is asserted alternatively under 28 U.S.C. §§ 1331[2] (Federal Question), 1332 (Diversity of Citizenship),[3] or 1333 (Admiralty).[4]

We shall consider each in turn.

*I—Admiralty*

The first, second, and third causes of action allege various breaches of the by-laws and constitution of Local 90 of the International Organization by the failure of Local 90 to provide proper allocation of available jobs to appellant, a member thereof.

■■ This dispute, if it is anything judicially cognizable, involves various breaches of a contract between appellant and Local 90. Is this a contract civil and maritime of which an admiralty court may assume jurisdiction? We

1. No appeal was taken from dismissal of the fourth, fifth, sixth, and seventh causes alleged. An appeal from dismissal of the ninth cause of action, against the State of California, was dismissed March 26, 1956, on motion of appellee.

2. Title 28 U.S.C. § 1331. Federal question; amount in controversy. "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States."

3. Title 28 U.S.C. § 1332. Diversity of citizenship; amount in controversy. "(a) the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between:

"(1) Citizens of different States:
"(2) Citizens of a State, and foreign states or citizens or subjects thereof;
"(3) Citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.
"(b) The word 'States', as used in this section, includes the Territories and the District of Columbia."

4. Title 28 U.S.C. § 1333. Admiralty, maritime and prize cases. "The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
"(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
"(2) Any prize brought into the United States and all proceedings for the condemnation of property taken as prize."

think not. Admiralty jurisdiction is historically a limited jurisdiction. The reports abound with decisions analyzing particular factual situations to determine whether a given contractual arrangement is a civil or a maritime contract. (See 1 Benedict, Admiralty §§ 66, 67.)

> "The dividing line between cases maritime and non-maritime is not always clearly marked. It is believed that a sure guide, in matters of contract, is to be found in the relation which the cause of action has to a ship, the great agent of maritime enterprise, and to the sea as a highway of commerce." (Id. § 64.)

Applying this guide to the instant case, the contract herein falls far short of the requisites for admiralty cognition. Its relation to a ship is non-existent; its relation to the sea is indirect. It falls far below even those cases in which there was some direct relation between the plaintiff and a ship—contracts whose *ultimate* purposes related to a vessel or to navigable waters but which were held to be contracts merely *preliminary* to maritime matters. (See cases cited 1 Benedict § 67.) It is, in short, a labor contract, entered into upon the land, to be performed upon the land, and breached, if at all, upon the land. Its relationship to vessels and the sea is at best remote and indirect.

As was said by Judge Murphy in a prior action by this appellant:

> "This is not a maritime case. The mere fact that libellant is a seaman does not convert his disputes into maritime contracts or maritime torts such as to confer admiralty jurisdiction upon this Court." Clinton v. No. 90 Coast Local West Masters, Mates and Pilots, etc., N.D.Cal., 161 F.Supp. 178.

■ The eighth cause of action, against Joshua Hendy and Pacific Far East Lines, alleges the initiation of a potential tort—that of interference with appellant's contractual relation with Local 90. There is no allegation that the tort was *committed* upon navigable waters, therefore, no maritime tort sufficient to confer jurisdiction upon the admiralty court is alleged.

The court below did not have jurisdiction of the action under 28 U.S.C. § 1333.

### II—Federal Question

■ Appellant also asserts jurisdiction in the District Court under 28 U.S.C. § 1331. This section pertinently provides:

> "The district courts shall have original jurisdiction of all civil actions wherein the matter * * * arises under the Constitution, laws or treaties of the United States."

Our conclusion above that appellant failed to state a maritime claim cognizable in admiralty is dispositive of his claim under 28 U.S.C. § 1331. (See and compare Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834, with Jordine v. Walling, 3 Cir., (en banc) 1950, 185 F.2d 662.)

### III—Diversity

■■ Finally appellant seeks the aid of the federal courts under 28 U.S.C. § 1332. To this end his action is directed at the International Organization, a New York corporation, independently of Local 90, an unincorporated California association. Accepting as true the allegations of the original pleading, the only breach of contract alleged was that of the local organization. In any action for breach of the alleged contract the local union is an indispensable party. Diversity jurisdiction may not be artificially created by failing to join parties indispensable to the action and claiming instead against a citizen of a different state who is merely a possible party to the action. Dempsey v. D. B. & M. Oil Co., 6 Cir., 1955, 219 F.2d 808; Warfield v. Marks, 5 Cir., 1951, 190 F.2d 178; 1 Nichols, Cyc.Fed.Proc. § 2.302.

The trial court's dismissal for lack of jurisdiction is affirmed.