**CASUALTY INDEMNITY EXCHANGE, Plaintiff/Counterdefendant,**

v.

**HIGH CROFT ENTERPRISES, INC., d/b/a Sailfish Liquors, Defendant/Counterplaintiff.**

No. 88–14091–Civ.

United States District Court, S.D. Florida.

June 6, 1989.

Guy E. Burnette, Butler & Burnette, Tampa, Fla., for plaintiff/counterdefendant.

James A. Bonfiglio, Palm Beach, Fla., for defendant/counterplaintiff.

## ORDER GRANTING DEFENDANT'S MOTION TO AMEND AND ADD ADDITIONAL PARTIES AND FINAL ORDER OF DISMISSAL FOR WANT OF SUBJECT MATTER JURISDICTION

JAMES LAWRENCE KING, Chief Judge.

Among the wealth of motions currently before the court are two that directly relate to the court's subject matter jurisdiction in this declaratory action. The defendant moves to amend its counterclaim apparently to add a party-plaintiff or another third-party defendant. The defendant then conditionally moves to dismiss, for if the party is added, diversity jurisdiction is defeated.

In many respects, this action is upside-down. The plaintiff is the defendant's insurer who, after denying coverage on plaintiff's claim, brought this declaratory judgment action. The defendant counterclaimed, alleging a breach of the insurance policy for the defendant's failure to pay.

The defendant now moves to amend its counterclaim to include several new counts against the plaintiff and to add the insurance agent who assisted the plaintiff in issuing the policy. Because the defendant intends to assert his new counterclaims against both the plaintiff insurer and the insurance agent, the defendant actually requests that the insurance agent be added as a party-plaintiff. Only in this capacity could the defendant assert a counterclaim against the agent.[1] Admittedly,

---

1. Initially, the court was confused over whether the defendant intended to sue the insurance agent through counterclaims or a third-party complaint. The defendant has filed a single document entitled "Amended Counterclaim and Third-Party Complaint." The defendant does not delineate among the counts as to which are amended counterclaims and which are third-party claims. Because the defendant asks to add a party and because he asserts against that party the same claims he asserts against the plaintiff, the court assumes that he desires to add the insurance agent as a party-plaintiff and assert counterclaims against the new party.

On the other hand, if the defendant intended to sue the insurance agent through third-party claims and not counterclaims, the difference in the court's outcome today would not be significantly affected. Under the standards governing the filing of a third party action, the court would allow the addition of the third party. Moreover, the addition of a third party often falls beyond the indispensible party analysis conducted later. While a third-party cause of action is generally considered within the court's

this request appears strange, but only arises because of this reverse alignment of the parties.

The consequences of adding the insurance agent as a party-plaintiff are known to the court. In the defendant's motion to dismiss, the defendant notes that the addition of the insurance agent here would defeat diversity jurisdiction.

Because the addition of the party here would defeat jurisdiction, Fed.R.Civ.P. 19 governs. Fed.R.Civ.P. 19 prohibits the joinder of a party whose presence defeats jurisdiction, unless the parties' presence is indispensable to an equitable adjudication of the matter. *See Clinton v. International Organization of Masters, Mates and Pilots of America, Inc.*, 254 F.2d 370 (9th Cir.1958). The reason for this rule is grounded in the language of Fed.R.Civ.P. 19. The joinder of a person whose presence defeats jurisdiction is not feasible under Fed.R.Civ.P. 19(a) Accordingly, the party can be joined only if the requirements of Fed.R.Civ.P. 19(b) are satisfied.

Pursuant to Fed.R.Civ.P. 19(b), an indispensable party should not be made a part of the action unless the court "in equity and in good conscience" determines that the action cannot proceed without the additional party before it. Fed.R.Civ.P. 19(b). In making this determination, the court considers four factors. *Id.* The first element is whether the indispensable party's absence might be prejudicial to the person not joined or to those already parties. *Id.* Second, the court must consider whether it can shape its judgment to lessen any prejudice arising from the nonjoinder. Third, the court must determine whether the judgment rendered in the person's absence will be adequate. Lastly, the court must determine whether the plaintiff has an adequate remedy if the action is dismissed.

In examining the first factor, this court must view the prejudice that may result from the absence of the insurance agent to either the insurer or the insured. Essentially, this analysis mandates that the court determine the probability of a subsequent litigation that might produce inconsistent obligations. *See Western Union Telegraph Co. v. Commonwealth of Pennsylvania*, 368 U.S. 71, 82 S.Ct. 199, 7 L.Ed. 2d 139 (1961). In this case, subsequent litigation is a likelihood. The insured would seek a remedy against the insurance agent. As the "Amended Counterclaim and Third–Party Complaint" reveals, many of the allegations against both the insurer and agent are the same. A real possibility, therefore, exists that this court could find the insurer liable because of the agent's actions, while in the subsequent action, another court could find no wrongdoing on the agent's part. In a subsequent action, therefore, an inconsistent judgment could arise.

With respect to the second factor, this court could not structure its judgment to avoid this potential for inconsistent rulings. Under Florida law, the insurance agent would be free in a subsequent action to contest the finding of wrongdoing that this court could make. The court could not structure its judgment to avoid this effect.

The court also has grave reservations over whether a judgment in this case without the insurance agent would be adequate. Because some of the insurer's liability seems to be predicated upon the insurance agent's purported wrongdoing, the insurer would have a right of indemnity against the agent if liability would exist. Without the insurance agent, the court could not decide issues of indemnity. This aspect of this case troubles the court, and would lead to gross judicial inefficiency, an inefficien-

ancillary jurisdiction, and, thus, need not be supported by diversity jurisdiction, *see Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co.*, 426 F.2d 709 (5th Cir.1970), the court would have to realign the parties in this action according to their real interests. *See City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941). The third-party action

against the insurance company would not properly fall within the court's ancillary jurisdiction. Ancillary jurisdiction is usually reserved for claims of impleader, denoting indemnity or contribution. The interests of the plaintiff and the third-party defendant would be identical and would have to be aligned accordingly. This realignment would defeat diversity jurisdiction.

cy that is unnecessary because the plaintiff has another remedy.

The court's consideration of the fourth factor also favors joinder. If this action were to be dismissed, the plaintiff could still pursue his rights in another form. The dismissal would be without prejudice, and the plaintiff would always be free to assert counterclaims if the defendant sued it in a state court. Moreover, the plaintiff could always bring a declaratory action under state law.

A consideration of these equities reveals that the insurance agent should be joined to this action. Accordingly, the court will grant the defendant's motion to amend its counterclaim to add the insurance agent as a party-plaintiff.

■ With the insurance agent added as a party-plaintiff, federal diversity jurisdiction is destroyed. All the plaintiffs are now not diverse from all the defendants. The proper remedy for this lack of subject matter jurisdiction is dismissal.[2]

The court also finds that dismissal of this action is also consistent with the court's exercise of discretion under Fed.R.Civ.P. 57. A court always has discretion as to whether to entertain an action for a declaratory judgment. *See Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962). In exercising this discretion, a court must balance the plaintiff's needs for and the consequences of declaratory relief in the context of the purposes of the declaratory judgment remedy. *State Farm Fire And Cas. Co. v. Taylor*, 118 F.R.D. 426, 429 (M.D.N.C.1988).

■ When a party files a declaratory judgment action for purposes of "procedural fencing," a court should exercise its discretion and dismiss the case. *See Franklin Life Insurance Co. v. Johnson*, 157 F.2d 653, 656 (10th Cir.1946); *Shell Oil Co.*

*v. Frusetta*, 290 F.2d 689, 692 (9th Cir. 1961); *Firemen's Insurance Co. of Newark, New Jersey v. Riley*, 322 F.Supp. 349, 351 (W.D.Ky.1971). Procedural fencing exists when a party in filing a declaratory action accomplishes something that the party could not do through removal. *See Firemen's Insurance Co. of Newark, New Jersey v. Riley*, 322 F.Supp. at 352. The purpose behind the Declaratory Judgment Act is to afford a new form of relief from uncertainty and insecurity with respect to rights, status, and other legal relations. *Id.* (citing *Casualty and Surety Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir.1937)). The Act's remedy should not be utilized for the purpose of anticipating the trial of an issue in a court of coordinate jurisdiction. *Id.* A declaratory judgment is not a mechanism to furnish a new choice of tribunals or to draw into federal courts the adjudication of causes properly cognizable by the courts of the states. *Id.* Moreover, the declaratory remedy is not a tactical device whereby a party who would be a defendant in a coercive action may choose to be a plaintiff if he can beat the other party to the courthouse. *Taylor*, 118 F.R.D. at 431.

■ With this understanding, the court believes the plaintiff here has engaged in a type of procedural fencing. Shortly after denying the defendant's claim of coverage, the plaintiff filed this declaratory judgment action. Accordingly, no delay on the defendant's part in asserting his rights justifies the filing of the action. *Taylor*, 118 F.R.D. at 429. In attempting to beat the defendant to the punch, the plaintiff hoped to avoid the usual nondiverse situation of the insured suing both the insurer and the insurance agent. If the plaintiff waited until the defendant sued in state court, the plaintiff—then a defendant—would not be able to remove. The plaintiff has misused the declaratory judgment act in attempting to accomplish a "backdoor" removal. Accordingly, the court exercises its discretion here

**2.** Even if the defendant's motion to amend to add a party is treated as a motion to file a third-party complaint, this action should still be dismissed. Even though a third-party action would exist against the insurance agent, the interest of the insurer and the insurance agent would be the same. Accordingly, this court would have to realign the interests of the parties, and this realignment would defeat diversity jurisdiction.

and dismisses the plaintiff's cause of action. Consistent with this opinion, the court

ORDERS AND ADJUDGES that the defendant's motion to amend its counterclaim and add the insurance agent is GRANTED. The court further

ORDERS AND ADJUDGES that the defendant's motion to dismiss this case for lack of subject matter jurisdiction is GRANTED. This action is hereby DISMISSED for want of subject matter jurisdiction.

DONE and ORDERED.