**RICHMOND STEEL, INC., Plaintiff,**

v.

**LEGAL AND GENERAL ASSURANCE SOCIETY, LTD., et al., Defendants.**

**Civ. No. 90–2334 HL.**

United States District Court,
D. Puerto Rico.

Aug. 14, 1992.

Charles A. Cordero, Cordero, Miranda & Pinto, Old San Juan, P.R., for Richmond Steel Inc., plaintiff.

Luis M. Angelet–Frau, Vazquez, Vizcarrondo & Angelet, Hato Rey, P.R., for Legal & General Assur. Society Ltd., defendant.

Romano A. Zampierollo–Rheinfel, Rio Piedras, P.R., Jorge Marrero–Narvaez, Santurce, P.R., for Puerto Rico Water and Sewer Authority, defendant.

Jose M. Biaggi–Junquera, Biaggi & Landron, Mayaguez, P.R., for Constructora Lluch S.E., defendant.

Richard A. Lee, Richard Lee Law Office, San Juan, P.R., for Lebron Associates and other defendants.

Jeanette M. Lopez, Cabo Rojo, P.R., for Seaboard Surety Co., third-party defendant.

Amancio Arias–Guardiola, Hato Rey, P.R., for Royal Ins. Co., Puerto Rico.

Charles DeMier–LeBlanc, De Corral & DeMier, Hato Rey, P.R., for National Union Fire Ins. Co., third-party defendant.

Enrique Peral–Soler, and Roberto Boneta, Munoz, Boneta, Gonzalez, Arbona, Benitez & Peral, Hato Rey, P.R., for Valentin Eng. Valentin Beato, third-party defendant.

Jose L. Ubarri–Garcia, Benjamin Acosta Law Firm, Old San Juan, P.R., Jesus R. Rabell–Mendez, San Juan, P.R., for Insurance Com'n, third-party defendant.

Enrique Peral–Soler, Munoz, Boneta, Gonzalez, Arbona, Benitez & Peral, Hato Rey, P.R., for Valentin Eng. Valentin Beato, cross-defendant.

Jose E. Otero–Matos, Irizarry & Otero, San Juan, P.R., for CNA Cas. of P.R., third-party defendant.

Cristobal Colon, San Juan, P.R., for Carlos Ortiz, third-party defendant.

Jaime E. Sifre–Rodriguez, San Juan, P.R., for Jose C. Agrelot, third-party defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is a motion to dismiss by codefendant Valentin Beato ("Beato"). Plaintiff Richmond Steel, Inc. ("RSI"), a construction firm based in Texas, brought this claim for declaratory relief and monetary damages based on diversity jurisdiction[1]. This case arises out of the construction of a project known as the "Mayaguez Composting Facility." In 1987 Puerto Rico Aqueduct and Sewer Authority ("PRASA") contracted the engineering and architecture firm of Lebrón Associates ("Lebrón") to design the facility. Beato participated in the preparation of these designs. PRASA contracted Constructora Lluch S.E., ("Lluch") in May 1988 to build the facility. In October 1988, Lluch contracted RSI to manufacture and install the steel components of the facility. In October 1989, before RSI completed its work, a portion of the steel structure collapsed.

RSI seeks the following declarations: that Lebrón and Beato were negligent in their design work; that this negligence caused the collapse; that PRASA is liable for RSI's damages because the former negligently approved these designs; that Lluch contributed to the collapse by its negligence in building the structure's center columns, preparing the soil, and laying the foundation; that the respective insurers of Lebrón and Lluch are also liable to RSI; and that RSI is not liable to Legal and

---

1. 28 U.S.C.A. § 1332 (West Supp.1992).

General Assurance Society, Ltd. ("LGAS"), the insurer of the facility. A flurry of crossclaims, counterclaims, and third-party claims has followed. Lluch and LGAS have filed third-party claims against Royal Insurance Company of Puerto Rico, Inc. ("Royal"), RSI's insurance company. They allege that Royal is liable to them for RSI's negligence in the construction of the steel components. Royal is a Puerto Rico corporation.

Beato makes two arguments in his motion to dismiss. First, that the Court should not entertain this declaratory judgment action because RSI's claim is a form of "procedural fencing." Second, that Royal should be realigned as a plaintiff, thereby defeating diversity jurisdiction. For the reasons set forth below, the Court denies Beato's motion on both grounds.

## DECLARATORY JUDGMENT ACTIONS

■ The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.[2]" The granting of declaratory relief is within the discretion of the district court. *Green v. Mansour,* 474 U.S. 64, 72, 106 S.Ct. 423, 428, 88 L.Ed.2d 371 (1985); *El Día, Inc. v. Hernández Colón,* 963 F.2d 488, 493 (1st Cir.1992). The Act does not create an independent basis of federal jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671–72, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950). In diversity actions, the usual rules for determining jurisdiction apply. 10A Charles A. Wright, et al, *Federal Practice and Procedure* § 2766, at 735–36 (2d ed. 1983). The purpose of the declaratory judgment is to give "a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy and in cases in which a party who could sue for coercive relief has not yet done so." *Id.* § 2751, at 569.

■ In determining whether to grant declaratory relief, a court should consider the interests of the parties and of the public. *Metro. Property & Liability Ins. Co. v. Kirkwood,* 729 F.2d 61, 62 (1st Cir.1984). More specifically, a declaratory judgment should clarify the legal questions at issue and expedite resolution of the controversy. *Id.* at 62. An oft-cited passage regarding the appropriateness of declaratory relief is the following:

> The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

E. Borchard, *Declaratory Judgments* 299 (2d rev. ed. 1941). A declaratory judgment is appropriate when it will provide a final resolution to the controversy. Fed.R.Civ.P. 57 Advisory Committee's notes; *Will v. Calvert Fire Ins. Co.,* 437 U.S. 655, 672 n. 2, 98 S.Ct. 2552, 2562 n. 2, 57 L.Ed.2d 504 (1978) (Justices Burger, Brennan, Marshall, and Powell, dissenting) (quoting *Maryland Casualty Co. v. Consumers Finance Service,* 101 F.2d 514, 515 (3rd Cir.1938)). The existence of another adequate remedy does not automatically preclude a judgment for declaratory relief. Fed.R.Civ.P. 57; *Kirkwood,* 729 F.2d at 64.

■ The dispute in the case before the Court is over who is at fault for the collapse of the composting facility, who bears liability, and whether contracts between the parties have been breached. A declaratory judgment on these issues would certainly resolve the legal dispute between the parties and provide a final resolution of the controversy. Accordingly, the Court will exercise its discretion and proceed to hear this declaratory judgment action.

Beato argues that RSI, by seeking declaratory relief, is engaging in "procedural fencing," and therefore the Court should dismiss this action. The Court disagrees.

**2.** 28 U.S.C.A. § 2201(a) (West Supp.1992).

"Procedural fencing" is often described as the tactic by which a party seeks to use an alternate forum, in this case the federal court, in a race for res judicata. *See* 6A James Wm. Moore, et al, *Moore's Federal Practice* ¶ 57.08[5], at 57–50 (2d ed. 1991); *Grand Trunk Western R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). For example, a party seeking a declaratory judgment in federal court before a parallel proceeding in state court can be resolved would be engaging in procedural fencing. In such a case, a federal court should decline to provide relief. Charles A. Wright, et al. § 2759, at 651. The problem of procedural fencing often arises when a controversy has proceedings in both state and federal court. *See, e.g., ARW Exploration Corp. v. Aguirre*, 947 F.2d 450, 454 (10th Cir.1991); *Nationwide Mut. Fire Ins. Co. v. Willenbrink*, 924 F.2d 104, 105 (6th Cir.1991); *U.S. v. Com. of Pa. Dept. of Envir. Resources*, 923 F.2d 1071, 1073 (3rd Cir.1991); *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir.1987); *New Orleans Public Service, Inc. v. Majoue*, 802 F.2d 166, 168 (5th Cir.1986); *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 656–57 (10th Cir.1946). The case before the Court has no parallel state court proceeding. The Court notes that a defendant in this action could have brought its own action in state court naming RSI as one of the defendants. However, that fact by itself is not enough to show that RSI has engaged in procedural fencing. The existence of another adequate remedy does not automatically preclude a judgment for declaratory relief. RSI appears to have brought this action in federal court for what it felt was a legitimate claim. The Court finds that RSI did not bring this action for declaratory relief in a race for res judicata or as a means to bypass the local courts.

In making his argument, Beato cites *Casualty Indem. Exchange v. High Croft Enterprises*, 714 F.Supp. 1190 (S.D.Fla. 1989). In that case Casualty, the plaintiff insurance company, sought a declaration that it did not have to pay defendant High Croft, the insured, under the terms of their policy. 714 F.Supp. at 1191. High Croft counterclaimed, alleging that Casualty's re- fusal to provide coverage was a breach of the insurance policy. The court believed that Casualty sought declaratory relief to accomplish a "backdoor" removal. *Id.* at 1193. That is, had High Croft brought its state court action first, Casualty would not have been able to remove the case to federal court because a Casualty agent with the same residency as High Croft was also a defendant. The court felt that this was a form of procedural fencing that justified the court's exercising its discretion to dismiss the action. *Id.* at 1193–94. Beato argues that this Court should behave similarly.

Beato's reliance on *High Croft* is misplaced. As the court there stated, that action was "upside-down." *Id.* at 1191. That is, the plaintiff Casualty would have been a defendant had High Croft brought a conventional action for coercive relief. It was the declaratory nature of the case that reversed the roles of the parties. That is not the case in the action currently before the Court. It is true that plaintiff RSI could have been a defendant had Lluch or another defendant filed first. However, RSI brought this action because it claims to be an aggrieved party that has suffered an injury. RSI claims that Lluch has breached the contract between the parties and that the negligence of the other parties has exposed RSI to liability. RSI is asserting actual injuries; it is a conventional plaintiff. By contrast the plaintiff in *High Croft* brought its action in anticipation of a claim against it; it had not suffered any injuries at the time it brought its action for declaratory relief. The case currently before the Court is not "upside-down." Thus, it is unlike *High Croft* and Beato's reliance on it is unwarranted.

### REALIGNMENT

Beato also argues that Royal should be realigned with RSI as a plaintiff. Because Royal is a Puerto Rico corporation, this would destroy diversity jurisdiction and the case would have to be dismissed. It is the duty of the courts to look beyond the pleadings and to arrange the parties according to their actual sides in a

dispute. *City of Indianapolis v. Chase Nat. Bank of New York*, 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941). There is no mechanical formula by which this can be done. *Id.* Facts that would form the basis for realignment must exist at the time an action is commenced. *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir.1981); 3A James Wm. Moore, et al, *Moore's Federal Practice* ¶ 19.03[1], at 19–56 (2d ed. 1991). Additionally, any change of the parties by addition, substitution, or elimination will not divest a federal court of diversity jurisdiction, provided that the action remains the same and there is no evidence of collusion to create jurisdiction. 13B Charles A. Wright, et al, *Federal Practice and Procedure* § 3608, at 453 (2d ed. 1984). It is a well-established rule that diversity jurisdiction is determined at the time an action is commenced. *Freeport–McMoRAN, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 111 S.Ct. 858, 860, 112 L.Ed.2d 951 (1991). This jurisdiction may not be divested by subsequent events. *Freeport–McMoRAN*, 498 U.S. at ——, 111 S.Ct. at 860; *Nevada Eighty–Eight, Inc. v. Title Ins. Co. of Minnesota*, 753 F.Supp. 1516, 1526 (D.Nev.1990). One such subsequent event that cannot destroy diversity jurisdiction is the defendant's filing of a third-party complaint. *Nevada Eighty–Eight*, 753 F.Supp. at 1526.

▪ RSI filed its complaint on October 10, 1990. At the commencement of the case there was complete diversity of parties. Royal was not a party in this action until Lluch filed its third-party complaint in January of 1991[3]. The diversity in this case cannot be destroyed by the fact that Royal was subsequently added as a third-party defendant. Accordingly, the Court declines to realign Royal and dismiss this action for lack of jurisdiction.

In arguing for realignment Beato relies on *High Croft* and *Leick v. Schnellpressenfabrik AG Heidelberg*, 128 F.R.D. 106 (S.D.Iowa 1989). In *High Croft* one of plaintiff Casualty's agents was a third-party defendant. 714 F.Supp. at 1191. The court there held that because the agent

was an indispensable party, pursuant to the factors laid out in Fed.R.Civ.P. 19(b), he should be realigned with Casualty as a plaintiff. *Id.* at 1191–93. This realignment destroyed diversity jurisdiction. In *Schnellpressenfabrik*, plaintiff Leick sued Schnellpressenfabrik, the manufacturer of a printing press that tore off part of Leick's hand. Schnellpressenfabrik filed a third-party complaint seeking indemnity against the college where the press was operating. 128 F.R.D. at 107. The court there held that the college was an indispensable defendant because any assessment of negligence would have to be divided between Schnellpressenfabrik and the college. The realignment of the college as a defendant destroyed diversity jurisdiction. *Id.* at 108–09.

▪ The Court again finds Beato's reliance to be misplaced. These cases are distinguishable. The relation in them between the plaintiff and the third-party defendant differs from the relation in this case. In *Schnellpressenfabrik* the plaintiff had brought an action in state court against the third-party defendant; here RSI does not have an adversarial relation with Royal. In *High Croft* the third-party defendant was an agent of the plaintiff; the two had worked together in issuing the policy in dispute. Here Royal is only the insurer of RSI. This relation is not sufficient to make Royal an indispensable party. A subsequent case has read *High Croft* and *Schnellpressenfabrik* to stand for the proposition that a third-party defendant should be realigned only if it qualifies as an indispensable party. *See Nevada Eighty–Eight*, 753 F.Supp. at 1526. Under Puerto Rico law, a plaintiff has the option to bring a direct action against either an insured or its insurance company. P.R. Laws Ann. tit. 26, § 2003 (1976); *De León López v. Corporación Insular de Seguros*, 742 F.Supp. 44, 47 (D.P.R.1990). Thus, the Court finds that Royal is not a necessary and indispensable party to any of the counterclaims brought against RSI in this case. Accordingly, realignment of Royal as a plaintiff would not be proper.

---

**3.** LGAS has also filed a third-party complaint against Royal. Docket No. 54.

Lastly, a defendant's claim against a third-party defendant is within a federal court's ancillary or supplemental jurisdiction. 6 Charles A. Wright, et al, *Federal Practice and Procedure* § 1444, at 321 (2d ed. 1990). Ancillary jurisdiction need not be supported by diversity jurisdiction. *Id.* at 312–14; *High Croft*, 714 F.Supp. at 1191–92 n. 1. Ancillary jurisdiction is often used in claims of impleader, denoting indemnity or contribution. *High Croft*, 714 F.Supp. at 1191–92 n. 1. A defendant should not be able to defeat diversity jurisdiction by bringing in a third party who is neither necessary nor indispensable. *Nevada Eighty–Eight*, 753 F.Supp. at 1526. Here, Royal is a third-party defendant not for any specific actions of its own, but only because it is the insurer of RSI. Claimants against Royal are seeking contributions from it in the event that RSI is found to be liable. As discussed above, Royal is not an indispensable party and its presence in this case should not be allowed to destroy diversity jurisdiction.

For the reasons set forth above, the Court hereby denies Beato's motion to dismiss.

IT IS SO ORDERED.