**TERRA NOVA INSURANCE COMPANY, LTD., et al., Plaintiffs,**

v.

**ACER LATIN AMERICA, INC., Defendant/Counterplaintiff,**

v.

**ROLLINS HUDIG HALL OF FLORIDA, INC., Terra Nova Insurance Co., Ltd., et al., Counterdefendants.**

No. 96–0362–CIV.

United States District Court, S.D. Florida.

July 5, 1996.

Jan Kuylenstierna, Coral Gables, FL, for Plaintiffs.

Sergio Oscar Alvarez–Mena, III, Miami, FL, Patricia Burton, Ft. Lauderdale, FL, for Defendant.

## ORDER DISMISSING CASE

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court *sua sponte.* On June 20, 1996, the Court conducted oral argument on the Motion to Strike Demand for Jury Trial filed by Plaintiffs/Counterdefendants on April 29, 1996. The issue presented in Plaintiffs' motion was fully briefed by the parties.

At oral argument, the Court focused on the propriety of adjudicating the Complaint for declaratory relief in the absence of a vague or ambiguous contract term subject to interpretation by the Court. At the conclusion of oral argument, the Court requested that Plaintiffs brief the jurisdictional issue on an expedited basis. Plaintiffs complied, filing their brief on June 21, 1996.

### I. Procedural Background

Plaintiffs are foreign insurance underwriters ("Underwriters"). They seek a declaration of no coverage under a marine cargo insurance policy issued to Defendant Acer Latin America, Inc. ("Acer"), a Florida corporation. Underwriters allege that this case is grounded in admiralty jurisdiction within the meaning of Federal Rule of Civil Procedure 9(h). (Compl. ¶ 1.) As an alternative basis of jurisdiction, Underwriters allege diversity of citizenship and the requisite amount in controversy. (Compl. ¶ 2.)

Acer subsequently filed its Answer, Affirmative Defenses and Counterclaim against Underwriters and against Rollins Hudig Hall of Florida, Inc. ("Rollins"). Rollins, Plaintiffs' insurance agent, is also a Florida corporation. The jurisdictional basis for the counterclaim, in which Acer seeks damages for breach of contract, negligence, and breach of fiduciary duty, is alleged to be diversity of citizenship. (Ans. ¶ 1.)

On May 31, 1996, Rollins filed a Motion to Dismiss the Counterclaim, in which it argues that complete diversity is destroyed by virtue of Acer's and Rollins' Florida citizenship. Acer contends that the Court has supplemental jurisdiction over Acer's compulsory counterclaim against both Underwriters and Rollins as part of the same case or controversy. 28 U.S.C. § 1367. Therefore, Acer argues, joining the non-diverse counterdefendant does not divest the Court of subject matter jurisdiction.

### II. Analysis

■ Plaintiffs correctly argued to the Court that an insurance dispute is cognizable under the Declaratory Judgment Act, even when the dispute turn on questions of fact rather than policy interpretation. *Aetna Life Ins. Co. of Hartford, Connecticut v. Haworth,* 300 U.S. 227, 242–44, 57 S.Ct. 461, 464–65, 81 L.Ed. 617 (1937). The continued vitality of *Haworth* was noted in *General Star Indemnity Co. v. Puckit,* 818 F.Supp. 1526, 1532 (M.D.Fla.1993). *Puckit* also recognized that the Declaratory Judgment Act permits an insurer to use an action for declaratory relief in a preventative mode. *Puckit,* 818 F.Supp. at 1532.

■ As this Court has long noted, however, a court always has discretion whether to entertain an action for declaratory relief. *Casualty Indem. Exchange v. High Croft Enterprises, Inc.,* 714 F.Supp. 1190, 1193 (S.D.Fla.1989) (King, C.J.) (citing *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)). In exercising its discretion, a court must assess the need for and consequences of declaratory relief in light of the purposes of the declaratory judgment remedy. *High Croft,* 714 F.Supp. at 1193 (citing *State Farm Fire and Cas. Co. v. Taylor,* 118 F.R.D. 426, 429 (M.D.N.C.1988)).

■ When contemplating an action for declaratory relief, a court should be mindful of so-called "procedural fencing," wherein the party seeking declaratory relief accomplishes something it could not do through removal. *High Croft,* 714 F.Supp. at 1193. The dangers of procedural fencing are obvious. A declaratory judgment is not a tactical device

855

whereby a party who would be a defendant in a coercive action may choose to be a plaintiff by winning the proverbial race to the courthouse. *High Croft*, 714 F.Supp. at 1193. Similarly, a declaratory judgment is not intended to draw into federal court cases that are properly cognizable by state courts. *High Croft*, 714 F.Supp. at 1193.

■ In *High Croft*, this Court was confronted by a plaintiff insurer that hoped to avoid the usual nondiverse situation of the insured suing both the insurer and the insurance agent. Had the insurer awaited being named a defendant in state court, it would have been unable to remove. The Court concluded that the insurer had misused the Declaratory Judgment Act in an attempt to accomplish a "backdoor" removal. It thus exercised its discretion and dismissed the insurer's claim for declaratory relief due to lack of subject matter jurisdiction. *High Croft*, 714 F.Supp. at 1193–94.

This Court's reasoning was adopted by Chief Judge Kovachevich in *Puckit, supra.* Judge Kovachevich began by noting that "procedural fencing" is to be "actively discouraged, and may be considered in review of a motion to dismiss any such declaratory action." *Puckit*, 818 F.Supp. at 1532 (citing *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n. 3 (5th Cir.1983)). She went on to distinguish the facts of *Haworth, supra.* There, the insured repeatedly submitted his claims to the insurer, which maintained that the insured was not permanently disabled, and that the policy had lapsed for nonpayment. The insured had declined to initiate suit, supporting the insurer's decision to seek declaratory relief.

The Court is thus confronted with a procedural scenario nearly identical to those in *High Croft* and *Puckit.* Although the Court ascribes no bad-faith motives to Underwriters, it must zealously guard against incautious exercise of its jurisdiction. Underwriters, all foreign entities, brought suit against Acer, a Florida corporation. Acer, who is entitled to implead its insurance agent, also a Florida corporation, did just that. Had Acer brought suit in the first instance, Rollins' presence would have destroyed diversity and precluded removal.

■ In this hypothetical suit, Underwriters' only path to removal would have been the existence of admiralty jurisdiction. Indeed, Underwriters' Motion to Strike Demand for Jury Trial and the responsive pleadings addressed the existence of admiralty jurisdiction in this case. The Court must thus determine whether Underwriters' allegation of admiralty jurisdiction is proper.

■ It is undisputed that a suit under a maritime insurance contract is within the ambit of the Court's admiralty jurisdiction. *Kossick v. United Fruit Co.*, 365 U.S. 731, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961); *Morrison Grain Co. v. Utica Mut. Ins. Co.*, 632 F.2d 424, 428 n. 1 (5th Cir.1980). Acer contends, however, that Underwriters' allegation of admiralty jurisdiction is unavailing because this suit centers around theft of computer equipment transported by land.

■ Underwriters correctly argue that their proposed alternative basis of jurisdiction does not neutralize their admiralty designation under Rule 9(h). *Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249, 1252 (5th Cir.1975). Similarly, Acer cannot seek to frustrate Underwriters' Rule 9(h) election by asserting a counterclaim based on diversity of citizenship. *Harrison v. Flota Mercante Grancolombiana S.A.*, 577 F.2d 968, 987 (5th Cir.1978). The inquiry consequently shifts to the propriety of Underwriters' election of admiralty jurisdiction.

■ The Court notes at the outset that "[a]dmiralty jurisdiction was created to provide a neutral federal forum and a uniform body of law to adjudicate rights and liabilities as they related to the trafficking of seafaring vessels." *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l.*, 968 F.2d 196, 199–200 (2nd Cir.1992) (citations omitted). By extension, courts have held that "[f]or an insurance policy to be within admiralty jurisdiction, the interests insured, and not simply the risks insured against, must be maritime." *Royal Ins. Co. of America v. Pier 39 Ltd. Partnership*, 738 F.2d 1035, 1036 (9th Cir. 1984).

Underwriters' policy is captioned a "marine cargo" policy. It covers conveyances

"per land, water or air." Its "geographical limits" are "At and from: Port(s) and/or place(s) in the World To: Port(s) and/or place(s) in the World." The covered "interest" is "computer hardware and repair parts and/or any other goods incidental to the Assured's Computer business," as well as "Other interests held covered at rate, terms and conditions to be agreed by Leading Underwriters." (Compl.Ex. A.).

The policy covers risks incurred in all manner of transport. It can therefore be classified as containing "both maritime and nonmaritime obligations." *Atlantic Mut.*, 968 F.2d at 199. The *Atlantic Mutual* Court outlined two exceptions to the general rule that "admiralty jurisdiction is generally denied" to mixed contracts. *Atlantic Mut.*, 968 F.2d at 199. Underwriters rely on the second exception, under which admiralty jurisdiction will encompass the entire contract where the non-maritime elements are "merely 'incidental' in an otherwise maritime contract." *Atlantic Mut.*, 968 F.2d at 199.

Having reviewed the insurance policy and the parties' arguments, the Court concludes that the policy's non-maritime elements are not "incidental" to the contract as a whole. As Underwriters themselves note, the five basic areas of dispute under the policy apply with equal force to shipments by sea, air, or land. There are also two conditions/warranties at issue, which apply regardless of the method of shipment.

The subject losses occurred almost entirely between the Bogota, Colombia airport and a Bogota warehouse. (Compl. ¶¶ 22–31; Answer ¶ 16.) This, too, militates against the exercise of admiralty jurisdiction. *See Whitcombe v. Stevedoring Services of America*, 2 F.3d 312, 314 n. 2 (9th Cir.1993).

■ The Court's conclusion that admiralty jurisdiction does not lie leaves Underwriters bereft of federal jurisdiction on which to premise their claim. In the absence of such a basis for jurisdiction, this suit becomes one like those in *High Croft* and *Puckit, supra.* Underwriters correctly notes that Acer has not moved to dismiss, has no objection to litigating in federal court, and has not brought suit in state court. Parties cannot agree, however, to confer jurisdiction on a federal court where none would otherwise exist.

### III. Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that the above-captioned case be, and the same is hereby, DISMISSED without prejudice to file in state court.

DONE and ORDERED.