The **AMERICAN INSURANCE, COMPANY** and Fireman's Fund Insurance Company, Plaintiffs,

v.

The **EVERCARE COMPANY,**
Defendant.

Civil Action No. 1:09–cv–2698–TCB.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 8, 2010.

Alycen A. Moss, Kenan G. Loomis, Cozen & O'Connor, Atlanta, GA, James A. Knox, James R. Murray, Michael J. Disantis, Tressler, LLP, Chicago, IL, for Plaintiffs.

Megan Claire Haley, Shattuck Ely, Fellows Johnson & La Briola, Atlanta, GA, for Defendant.

### ORDER

TIMOTHY C. BATTEN, SR., District Judge.

This matter is before the Court on Defendant Evercare Company's motion to dismiss for lack of subject matter jurisdiction [9].

## I. Facts

Evercare, a Delaware corporation doing business in Georgia, is engaged in the manufacture, marketing and distribution of lint rollers. Plaintiffs the American Insurance Company and Fireman's Fund Insurance Company insured Evercare under certain policies from July 1, 2005 to December 1, 2006. The policies required Evercare to give notice to Plaintiffs as soon as practicable of any occurrence that might result in a claim.

Also engaged in the business of consumer lint rollers is 3M. Plaintiffs allege that in March 2007, 3M demanded that Evercare cease making certain assertions on the packaging of its lint rollers. In September 2007, Evercare filed a declaratory judgment action against 3M in this Court, and in October 2007, 3M filed a counterclaim against Evercare. In July 2008, Evercare informed Plaintiffs of the litigation with 3M. In September 2008, Plaintiffs disclaimed coverage under the policies on the basis of late notice. Sometime subsequent to Plaintiffs' denial, Evercare and 3M reached a settlement. Plaintiffs aver that despite their denial of coverage Evercare has (1) demanded indemnification for the settlement under the policies, and (2) denied failing to give proper notice to Plaintiffs under the policies' terms.

On September 30, 2009, Plaintiffs filed this suit for a declaratory judgment that it has no duty to indemnify Evercare under the policies with respect to the 3M litigation. According to Plaintiffs' complaint, Evercare demands that Plaintiffs cover both the 3M settlement and the cost of defending that claim.

On November 3, 2009, Evercare moved to dismiss this action for lack of subject matter jurisdiction, contending that there exists no justiciable controversy as required by the Declaratory Judgment Act, 28 U.S.C. § 2201(a). In the alternative, Evercare asks that the Court exercise its discretion under the Act and dismiss Plaintiffs' action on the grounds that it constitutes "procedural fencing."

## II. Discussion

### A. Legal Standard

 Evercare moves to dismiss this action as nonjusticiable under Fed.R.Civ.P.

Rule 12(b)(1). A Rule 12(b)(1) motion supports two forms of challenges to subject matter jurisdiction—a facial attack and a factual attack. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir.2009). Under a facial attack, the Court presumes the facts in the complaint to be true and determines whether those facts sufficiently allege a basis of jurisdiction. *Id.* A factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings ... are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). Under a factual attack, the Court is free to weigh the facts and is not required to view them in the light most favorable to Plaintiffs. *See Carmichael*, 572 F.3d at 1279.

### B. Analysis

#### 1. Justiciability Under 28 U.S.C. § 2201

The Declaratory Judgment Act provides in relevant part as follows: "In a case of actual controversy within its jurisdiction, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Congress limited jurisdiction under the Act to actual controversies "in statutory recognition of the fact that federal judicial power under Article III, Section 2 of the United States Constitution extends only to concrete 'cases or controversies.'" *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir.1995).

 "Whether such a controversy exists is determined on a case-by-case basis" and "by the totality of the circumstances." *Id.* "The controversy must be more than conjectural; the case must 'touch [ ] the

legal relations of parties having adverse legal interests.'" *Id.* (citing *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir.1991)). To determine whether Plaintiffs have met this burden, the Court "look[s] to the state of affairs as of the filing of the complaint; a justiciable controversy must have existed at that time." *Id.*

#### a. Evercare's Facial Challenge

 Evercare contends that the allegations in Plaintiffs' complaint do not satisfy the case or controversy requirement. Specifically, Evercare avers that Plaintiffs' complaint makes the conclusory statement that "[a]n actual and justiciable controversy exists," but that Plaintiffs fail to identify any actual or threatened injury. Plaintiffs contend that the complaint presents a controversy arising from Evercare's demand for coverage despite its breach of the policies' notice conditions.

Plaintiffs' complaint alleges that (1) Evercare failed to give timely notice of a claim to Plaintiffs; (2) Plaintiffs denied coverage to Evercare under the policies; (3) Evercare has denied the failure of timely notice; and (4) Evercare has demanded payment under the policies. Taking those allegations as true and construing them in the light most favorable to Plaintiffs, the Court determines that Plaintiffs allege a controversy as required by the Declaratory Judgment Act.

The complaint alleges that the parties dispute their obligations under the policies, that their legal interests are directly adverse with respect to such performance, and that their dispute is both ongoing and real. *See Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 n. 2 (9th Cir. 1998) (holding that an insurer need only allege that "it was threatened with injury by virtue of being held to an invalid policy" and finding that "a dispute between an insurer and its insureds over the duties

imposed by an insurance contract satisfies Article Ill's case and controversy requirement").

Consequently, Evercare's facial challenge to Plaintiffs' complaint fails.

### b. Evercare's Factual Challenge

■ Evercare next contends that when Plaintiffs denied coverage in September 2008, the rights of the parties accrued and there is therefore no longer a live controversy between them. Plaintiffs argue that Evercare's refusal to accept their denial signaled a "very high" likelihood that Evercare would sue, and thus the controversy has not disappeared.

■ The Declaratory Judgment Act is inappropriate to adjudicate past conduct. *See Emory v. Peeler,* 756 F.2d 1547, 1552 (11th Cir.1985). Plaintiffs do not, however, seek a declaration merely with respect to the validity of its 2008 denial of coverage. A declaratory judgment would equally address Evercare's ongoing demand that Plaintiffs perform under the policies by indemnifying Evercare for its dispute with 3M. Only were Evercare to surrender its claim for indemnification would the controversy become unjusticiable as "past conduct."

■ Evercare also argues that Plaintiffs cannot show actual or threatened injury as required by *Atlanta Gas Light,* 68 F.3d at 414. This argument is without merit. As the Plaintiffs contend, when Evercare refused to accept their denial of coverage, the refusal threatened injury by potentially requiring them to honor policies that may have been voided by Evercare's alleged breach. *See Dizol,* 133 F.3d at 1223 n. 2 (holding that an insurer "only had to allege it was threatened with injury by virtue of being held to an invalid policy").

■ Thus, the "possibility or conjecture of a future lawsuit" created by Evercare's refusal is sufficient to establish a controversy or a threatened injury. *See GTE Directories Pub. Corp. v. Trimen Am., Inc.,* 67 F.3d 1563, 1569 (11th Cir. 1995) ("This is the type of Damoclean threat that the Declaratory Judgment Act is designed to avoid."). *See also State Farm Mut. Auto. Ins. Co. v. Bates,* 542 F.Supp. 807, 817 (N.D.Ga.1982) ("In this posture, [the insurer] need not wait for [the insured] to file his complaint . . . .") (citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 244, 57 S.Ct. 461, 81 L.Ed. 617 (1937)). Indeed, "the purpose of declaratory judgment actions . . . is to resolve outstanding controversies without forcing a putative defendant to wait to see if it will be subjected to suit." *Sherwin–Williams Co. v. Holmes County,* 343 F.3d 383, 398 n. 8 (5th Cir.2003).

This Court addressed and rejected an argument similar to Evercare's in *Fireman's Fund Ins. Co. v. Merritt,* 1:08–CV–2065–CC (N.D.Ga. Oct. 28, 2008). In *Merritt,* the insurer refused liability coverage to the insured. *Id.* at *3. The insurer subsequently brought a declaratory judgment action, "seeking a determination as to its rights and liabilities under the subject insurance policy with respect to [the underlying judgment against the insured]." [1] *Id.* at *3–4. This Court held that the determination of "coverage issues"—whether the subject policy covered the underlying judgment—sufficed as a justiciable controversy. *Id.* at *4.

---

**1.** It is irrelevant to the Court's analysis that the insured in *Merritt* had previously brought a state court action against the insurer for, *inter alia,* wrongful refusal of coverage. That claim was voluntarily dismissed, preserving for this Court the determination of "coverage issues." Contrary to Evercare's assertions, the "controversy" requirement is satisfied by the presence of such questions. The commencement of suit by the insured is collateral to the coverage issues, which are the root of the "controversy" requirement.

Here, too, there is a similarly live controversy: whether Plaintiffs are obligated to perform under their policies with Evercare, or whether Evercare's conduct has absolved Plaintiffs of such duty. Therefore, there exists "a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). Accordingly, the Court finds that Plaintiffs' claim presents a justiciable controversy under 28 U.S.C. § 2201(a).

## 2. State Declaratory Judgment Law

■ Evercare also urges the Court to consider Georgia law as persuasive authority in determining the justiciability of this case under the Declaratory Judgment Act. In its brief in support of its motion to dismiss, Evercare argues that because the rights of the parties would be determined pursuant to Georgia law, Georgia law respecting the justiciability of declaratory judgments constitutes controlling authority for this Court. In its reply brief, however, Evercare rightly concedes that the Declaratory Judgment Act, 28 U.S.C. § 2201, controls this case. *See Cincinnati Ins. Co. v. Holbrook*, 867 F.2d 1330, 1333 (11th Cir.1989) ("Georgia law respecting 'justiciability' does not control the federal law of 'justiciability.' "), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

It is well settled that "controversy" is a term of art particular to federal justiciability. *Bates*, 542 F.Supp. at 817. Thus, "[w]hether a certain case presents a controversy under Article III of the Constitution is a question of federal law to be resolved independent of state law." *Id.* (citing *Nashville, Chattanooga & St. Louis Ry. Co. v. Wallace*, 288 U.S. 249, 53 S.Ct.

345, 77 L.Ed. 730 (1933)). As such, the Court declines to consider Georgia law in determining the justiciability of this action.

## 3. Discretionary Jurisdiction Under 28 U.S.C. § 2201

■ Evercare lastly requests that the Court exercise its discretion under § 2201 and dismiss Plaintiffs' declaratory judgment action. Evercare asserts that this action represents "procedural fencing" because Plaintiffs have brought it in an attempt to "beat Evercare to the courthouse and avoid a lawsuit in state court." Plaintiffs respond that Evercare could have chosen its own forum by commencing a coercive action (more than a year had elapsed between Plaintiffs' denial and the filing of this suit), and that a lawful invocation of diversity jurisdiction should not operate to bar their claim.

■ While the Declaratory Judgment Act "confers a discretion on courts rather than an absolute right upon the litigant," *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir.2005) (quoting *Wilton*, 515 U.S. at 287, 115 S.Ct. 2137), the Court must exercise such discretion "liberally in favor of granting such relief in order to accomplish the purposes of the Declaratory Judgment Act." *Holbrook*, 867 F.2d at 1333.

■ However, "[w]hen a party files a declaratory judgment action for purposes of 'procedural fencing,' a court should exercise its discretion and dismiss the case." *Cas. Indem. Exch. v. High Croft Enters., Inc.*, 714 F.Supp. 1190, 1193 (S.D.Fla. 1989). A declaratory action amounts to "procedural fencing" when it is "used merely ... to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable." *Ameritas Variable Life. Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir.2005).

Evercare only vaguely alludes to the existence of prospective litigants whose

presence would destroy diversity, and it offers no other grounds for this Court to determine that Plaintiffs have engaged in "procedural fencing." Indeed, more than a year passed between Plaintiffs' denial of coverage to Evercare and the filing of the present action, a duration that obviates Evercare's "race for *res judicata*" argument.

Even if Plaintiffs did invoke diversity as a matter of strategy, their choice would not necessarily constitute impermissible forum selection. *Sherwin–Williams*, 343 F.3d at 399. Rather, the Plaintiffs would merely be availing themselves of the traditional justification for diversity jurisdiction—the protection of potential out-of-state defendants from the state court system. *Id.*

Furthermore, Plaintiffs' selected forum does not change the law that would apply. Evercare is headquartered in Georgia and would likely file a coercive action against Plaintiffs in a Georgia state court. Finally, Plaintiffs' forum does not place Evercare in an unfamiliar court. Evercare itself instituted the underlying action against 3M in this Court (*Evercare Co. v. 3M Co.*, 1:07–cv–02215–BBM) and is familiar with the Court's rules and operations. Consequently, the Court finds that this forum does not prejudice Evercare.

As there exists no adequate basis for a determination that Plaintiffs' action represents "procedural fencing," the Court holds that a discretionary dismissal would be improper.

## III. Conclusion

The Court DENIES Defendant Evercare's motion to dismiss for lack of subject matter jurisdiction [9].